IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.: 3:25-cv-00102-UJ1-WCM

FS MEDICAL SUPPLIES, LLC,

    Plaintiff,

v.

TANNERGAP, INC., TANNER PHARMA UK LIMITED, RAYMOND FAIRBANKS BOURNE, AKA "BANKS" BOURNE, AND MARY EVERETT WHITEHURST BOURNE, AKA "MOLLY" BOURNE,

    Defendants.

**THE BOURNE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(c)**

or, in the alternative, to

**DISMISS OR STAY THIS ACTION PENDING FINAL RESOLUTION OF FSMS I AND FSMS II**

# TABLE OF CONTENTS

                                                                                 **Page**

TABLE OF AUTHORITIES ..................................................................................................ii  
INTRODUCTION ............................................................................................................... 1  
ARGUMENT ....................................................................................................................... 1  
      I.     FSMS Concedes that the Bournes Must Be Dismissed if the Tanner Defendants are Dismissed. ........................................................................ 1  
      II.    The Statute of Repose Bars All UVTA Claims Against the Bournes for Transfers Before February 11, 2021. ................................. 2  
            A.     The Statute of Repose Accrues Upon the Date of Transfer. ....... 3  
            B.     Statutes of Repose and Limitations are Different. ..................... 4  
            C.     Clark Does Not Toll N.C. Gen. Stat. § 39-23.9. .......................... 6  
CONCLUSION..................................................................................................................... 8  
ARTIFICIAL INTELLIGENCE CERTIFICATION .................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bigelow Corp. v. Hounds Town USA, LLC*,
   No. 323CV00134FDWSCR, 2023 WL 4939386 (W.D.N.C. Aug. 2, 2023) ................ 2

*Bolick v. Am. Barmag Corp.*,
   306 N.C. 364 (1982) .................................................................................... 4, 5, 6

*California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*,
   582 U.S. 497 (2017) ........................................................................................ 7, 8

*Clark v. Velsicol Chem. Corp.*,
   110 N.C. App. 803 (1993) ......................................................................... 4, 6, 7, 8

*Glens of Ironduff Prop. Owners Ass'n, Inc. v. Daly*,
   224 N.C. App. 217 (2012) ..................................................................................... 7

*Goodman v. Holmes & McLaurin Attorneys at Law*,
   192 N.C. App. 467 (2008) ..................................................................................... 4

*Hargett v. Holland*,
   337 N.C. 651 (1994) ............................................................................................. 8

*Head v. Gould Killian CPA Grp., P.A.*,
   371 N.C. 2 (2018) ............................................................................................. 7, 8

*KB Aircraft Acquisition, LLC v. Berry*,
   249 N.C. App. 74 (2016) ............................................................................... 3, 4, 7

*McKinney v. Goins*,
   387 N.C. 35 (2025) ........................................................................................... 1, 5

*Pearce v. N. Carolina State Highway Patrol Voluntary Pledge Comm.*,
   310 N.C. 445 (1984) ............................................................................................. 6

*Shearin v. Lloyd*,
   246 N.C. 363 (1957) .......................................................................................... 5, 6

*Warren v. Snowshoe LTC Grp., LLC*,
   293 N.C. App. 174 (2024) ..................................................................................... 6

**Statutes**

N.C. Gen. Stat. § 39-23.4 ............................................................................................................. 3

N.C. Gen. Stat. § 39-23.5 ............................................................................................................. 3

N.C. Gen. Stat. § 39-23.9 ...................................................................................................... passim

**Rule**

Fed. R. Civ. P. 12(c) ............................................................................................................... 1, 8

## INTRODUCTION

With one exception, FSMS ignores—and therefore concedes—all of the Bournes' Rule 12(c) arguments in its Rule 12(c) brief, leaving those arguments uncontested. To cut to the bottom line, by these concessions, FSMS acknowledges that if the Court dismisses the claims against the Tanner Defendants, all of the claims against the Bournes must be dismissed as well.

The Bournes' alternative argument is that, even if any other claims survive, all UVTA claims seeking to recover from transfers occurring prior to February 11, 2021 should be dismissed under the North Carolina statute of repose, N.C. Gen. Stat. § 39-23.9. FSMS responds by claiming that statutes of limitations and statutes of repose are one and the same for tolling purposes. FSMS is dead wrong. Section 39-23.9 of the UVTA is a statute of repose, and statutes of repose are not subject to tolling under the controlling North Carolina Supreme Court decision in *McKinney v. Goins*, 387 N.C. 35, 49 n.7 (2025).

## ARGUMENT

### I. FSMS Concedes that the Bournes Must Be Dismissed if the Tanner Defendants are Dismissed.

FSMS ignores and does not contest the Bournes' arguments that:

- FSMS's UVTA claims against the Bournes fail if FSMS's contract and unfair trade practices claims against the Tanner Defendants are dismissed. ECF No. 31 at 16–18.[1]

---

[1] The Tanner Defendants' briefing in support of their 12(b)(6) motion, ECF No. 28, is well reasoned and accurately reflects our position on that issue.

- FSMS cannot recover from the Bournes under an alter ego theory unless the Tanner Defendants are liable to FSMS for breach of contract or for an unfair trade practice. *Id.*

- If the limitations period has expired on FSMS's refiled contract and UDTPA claims, FSMS's alter ego allegations also fail. *Id.* at 18.

- FSMS cannot assert an unfair trade practices claim against Mr. Bourne based on transfers of assets if the Tanner Defendants are not liable to FSMS. *Id.* at 18–20.

- If the court does not dismiss *FSMS I* and *II*, this case should be dismissed or stayed pending final resolution of *FSMS I* and *II*. *Id.* at 24.

If a party does not respond to an argument in a response brief, the court treats the argument as uncontested. *Bigelow Corp. v. Hounds Town USA, LLC*, No. 3:23-CV-00134-FDW-SCR, 2023 WL 4939386, at *3 (W.D.N.C. Aug. 2, 2023).[2]

Further, FSMS acknowledges that "[t]his is not a matter of 'equitable tolling,'" "FSMS is not traveling under an equitable tolling theory," and that "FSMS does not, and does not need to, rely on equitable tolling." FSMS Jt. Opp. (ECF No. 37) ("Opp.") 36, 38–39. Accordingly, the Court should disregard FSMS's equitable arguments, *id.* at 38, 39 (arguing that the statute of repose should be tolled because Mr. Bourne has been "on notice" and "actively engaged in litigation"), because FSMS has conceded that equitable tolling principles are inapplicable.

## II. The Statute of Repose Bars All UVTA Claims Against the Bournes for Transfers Before February 11, 2021.

The Court should dismiss all of FSMS's UVTA claims seeking recovery based on transfers prior to February 11, 2021 under the statute of repose. N.C. Gen. Stat. §

---

[2] To be clear, the Bournes vigorously dispute that FSMS's UDTPA claims are valid, and FSMS's suggestion that the Bournes conceded this dispute is wrong.

39-23.9. FSMS argues that dismissal of claims under the statute of repose is inappropriate at the motion to dismiss stage because it concerns "the quantum of damages." Opp. 37. FSMS is wrong because the Bournes do not argue about or contest the measurement of damages within a single claim. Each transfer triggers a separate potential UVTA claim that should be evaluated on an individualized basis under the statute of repose, so all claims based on transfers made outside the four-year repose period should be dismissed.

A.  The Statute of Repose Accrues Upon the Date of Transfer.

The UVTA allows for the avoidance of "**[a] transfer** made or obligation incurred." N.C. Gen. Stat. § 39-23.4, 23.5 (emphasis added). The comments to the statute of repose clarify that the repose period accrues when the transfer is made, explaining: (1) "[a]s to transfers made with actual intent to defraud, there is a four year statute **that accrues upon the date of transfer**"; and (2) [a]s to claims based on a transfer in which the debtor does not receive reasonably equivalent value, the limitations period is four years **from the date of the transfer**." N.C. Gen. Stat. § 39-23.9, North Carolina Comments (emphasis added). Further, the comments emphasize that the statutory language "which speaks in terms of a cause of action being 'extinguished,' is intended to indicate that lapse of the statutory period bars the right as well as the remedy." *Id*.

Applying these principles, the North Carolina Court of Appeals squarely held that the term "transfer" under N.C. Gen. Stat. § 39-23.9 "refers to the actual date on which an asset was transferred, rather than the date when its fraudulent nature became apparent to a creditor, and that the statute is one of repose." *KB Aircraft*

*Acquisition, LLC v. Berry*, 249 N.C. App. 74, 75 (2016). The *KB Aircraft* court further held that the statute of repose "creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained." *Id.* at 85. "'If the action is not brought within the specified period, the plaintiff literally has no cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.'" *Id.* (quoting *Goodman v. Holmes & McLaurin Attorneys at Law*, 192 N.C. App. 467, 474 (2008)) (emphasis in original).

FSMS has challenged the transfers made on December 23, 2020, January 29, 2021, and February 2, 2021 under the UVTA. ECF No. 1 ¶¶ 111–12. The complaint specifically identifies each transfer as a separate event. *Id.* FSMS's complaint also distinguishes these early transfers from later ones by referring to the later transfers as those occurring "even after FSMS filed suit in March 2021." *Id.* ¶ 123. Because the time period accrues "from" or "upon" the date of the transfer, FSMS's clock has run out, and the UVTA claims relating to these three transfers are time barred.

B. <u>Statutes of Repose and Limitations are Different.</u>

FSMS argues that *Clark*'s reasoning applies "equally" to statutes of repose and statutes of limitations because they are both "strictly enforced by North Carolina courts." Opp. 37 (citing *Clark v. Velsicol Chem. Corp.*, 110 N.C. App. 803 (1993)). That is wrong.

A statute of limitations is "a procedural bar to a plaintiff's action," but statutes of repose operate "as conditions precedent to the action itself." *Bolick v. Am. Barmag Corp.*, 306 N.C. 364, 368-69 (1982). Statutes of repose set a substantive limitation on

-4-
Case 3:25-cv-00102-UJ1-WCM    Document 41    Filed 04/25/25    Page 8 of 14

a right, rather than a procedural limitation on a remedy. And, as the comments to the UVTA's statute of repose explain, the expiration of time limitations "bars **the right** as well as the remedy." N.C. Gen. Stat. § 39-23.9, North Carolina Comments.

Earlier this year, the North Carolina Supreme Court re-emphasized the distinction between statutes of repose and statutes of limitations in *McKinney v. Goins*, 387 N.C. 35 (2025). There, the court held that a new statute of limitations could apply retroactively because such limitations are "clearly procedural." *Id.* at 49. The North Carolina Supreme Court then emphasized that, "a statute of limitations is not the same as a statute of repose. Unlike a statute of limitations, a statute of repose 'establishes a time period in which suit must be brought *in order for the cause of action to be recognized.*'" *Id.* at 48 n.7 (emphasis in original).

FSMS asks the Court to rely on *Shearin v. Lloyd*, 246 N.C. 363, 370 (1957) for the proposition that statutes of limitation and statutes of repose are one and the same. Opp. 37–38. In doing so, FSMS completely ignores *McKinney*, which was decided on January 31, 2025, almost 70 years after *Shearin*, and cited in the Bournes' brief. ECF No. 31 at 23. *McKinney* leaves no doubt that statutes of repose and statutes of limitation are different and that statutes of repose cannot be tolled. 387 N.C. at 49 n.7. Ignoring a problematic case may be convenient, but it is hardly convincing.

As the North Carolina Supreme Court explained in *Bolick v. Am. Barmag Corp.*, *Shearin* does not stand for the proposition that statutes of repose and statutes of limitation are effectively one and the same, for tolling or any other purposes: "[a]lthough the term 'statute of repose' has traditionally been used to encompass

-5-
Case 3:25-cv-00102-UJ1-WCM    Document 41    Filed 04/25/25    Page 9 of 14

statutes of limitation, in recent years it has been used to distinguish ordinary statutes of limitation from those that begin to run at a time unrelated to the traditional accrual of the cause of action." 306 N.C. at 366 (citation omitted). The *Bolick* Court specifically cited *Shearin* as an example of instances when "[o]rdinary statutes of limitation have been labeled statutes of repose in previous cases." *Id.* at n.3.

In other words, although the *Shearin* court used the term "repose," the Supreme Court has made it quite clear that *Shearin* is only valid precedent when an issue is presented under the statute of limitations, not a statute of repose. *Id.* Confirming that point, none of FSMS's cases citing *Shearin* address statutes of repose. Each case cites *Shearin* for the proposition that the court strictly adheres to legislatively established statutes of limitations. *See Pearce v. N. Carolina State Highway Patrol Voluntary Pledge Comm.*, 310 N.C. 445, 450–51, (1984); *Warren v. Snowshoe LTC Grp., LLC*, 293 N.C. App. 174, 179 (2024).

C. <u>*Clark* Does Not Toll N.C. Gen. Stat. § 39-23.9.</u>

FSMS argues the Bournes' "motion is meritless" because "[t]he reasoning of *Clark* applies equally to § 39-23.9 as it does to any statute of limitations." Opp. 37. But *Clark* does not address tolling of a statute of repose—indeed, the word "repose" does not appear in the opinion. Instead, *Clark* analyzed whether certain statutes of limitations could be tolled. *Clark*, 110 N.C. App. at 806 (summarizing the two questions in the case as "does commencing an action in federal court toll our statute of limitations" and "does the savings provision of [Rule] 41(b) apply to allow plaintiff an additional year to file in state court when the federal court order dismissing his

-6-
Case 3:25-cv-00102-UJ1-WCM    Document 41    Filed 04/25/25    Page 10 of 14

action does not specify additional time within which to file."). Even if FSMS were correct that it can rely on *Clark* to toll limitations periods, the decision in no respect supports tolling of repose periods.

Tolling a statute of repose requires "a specific statutory exception." *KB Aircraft*, 249 N.C. App. at 86. "[A] statute of repose is not merely a type of statute of limitation that is encompassed by any reference to statutes of limitation." *Glens of Ironduff Prop. Owners Ass'n, Inc. v. Daly*, 224 N.C. App. 217, 223 (2012). Instead, "when the General Assembly has intended to toll a statute of repose, it has specifically said so." *Id.* at 224; *see also California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 507 (2017) ("*CalPERS*") ("Tolling is permissible only where there is a particular indication that the legislature did not intend the statute to provide complete repose. . . .").

Implicitly recognizing that *Clark* does not even address a statutory exception to N.C. Gen. Stat. § 39-23.9, FSMS claims that *Clark*'s tolling is "grounded in the statute" because it fulfills the purpose of a statute of limitations: to put "a defendant on notice that a claim is being asserted against him." Opp. 39 (citing *Clark*, 110 N.C. App. at 807–08). That makes no sense. The "purpose of a statute of repose is to give the defendant full protection after a certain time," *CalPERS*, 582 U.S. at 511, 514, not to simply put a defendant on notice of a claim. A statute of repose "'serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue . . . .'" *Head v. Gould Killian CPA Grp., P.A.*, 371 N.C. 2, 11 (2018) (quoting *Hargett v. Holland*, 337 N.C. 651, 655 (1994)). Accordingly, even

if the Bournes agreed with FSMS that *Clark*'s tolling is "grounded in statute" (whatever that means) it is not grounded in a **statute of repose**.

FSMS further argues that *CalPERS* "hurts" the Bournes because it: (1) dealt with equitable tolling principles, and (2) concerned absent class members who had not yet "brought" claims. Opp. 39. FSMS mischaracterizes *CalPERS*, which stands for the simple proposition that statutes of limitation can be equitably tolled, but statutes of repose cannot, absent "a legislative enactment." *CalPERS*, 582 U.S. at 508.

## CONCLUSION

Even if the Court concludes that it has subject matter jurisdiction in this action, all claims against the Bournes should be dismissed under Fed. R. Civ. P. 12(c). And even if all claims were not subject to dismissal, FSMS's UVTA claims challenging transactions occurring before February 11, 2021 should be dismissed.

This the 25th day of April, 2025.

> *s/ Robert W. Fuller*
> Robert W. Fuller
> N.C. Bar No. 10887
> Amanda P. Nitto
> N.C. Bar No. 45158
> Anna Claire Tucker
> N.C. Bar No. 59457
> ROBINSON, BRADSHAW & HINSON, P.A.
> 600 S. Tryon St., Ste. 2300
> Charlotte, North Carolina 28202
> Telephone: 704.377.2536
> Facsimile: 704.378.4000
>
> rfuller@robinsonbradshaw.com
> anitto@robinsonbradshaw.com
> atucker@robinsonbradshaw.com
>
> *Counsel for Defendants Raymond Fairbanks*
> *Bourne and Mary Everett Whitehurst Bourne*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

  Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal research for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 25th day of April, 2025.

            s/ Robert W. Fuller
            Robert W. Fuller