**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:25-cv-102-MOC-WCM**

| | | |
|---|---|---|
| **FS MEDICAL SUPPLIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **TANNERGAP, INC., ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter. (Doc. No. 49). In the M&R, the Honorable W. Carleton Metcalf recommended dismissal of this action for lack of subject matter jurisdiction. Plaintiff filed an objection, (Doc. No. 51), and Defendants filed a response to the objection. (Doc. No. 53).

## I. Background

The parties are familiar with the tortured background of this and its related cases, so the Court does not repeat it here. Suffice it to say, Judge Metcalf determined in an M&R dated February 3, 2026, that diversity of citizenship under 28 U.S.C. § 1332 was manufactured in violation of 28 U.S.C. § 1359. Judge Metcalf recommended that the Motion to Dismiss Action for Lack of Subject Matter Jurisdiction and Under Rule 12(b)(1), (Doc. 26), be granted and that the Complaint be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff filed an objection on February 17, 2026. (Doc. No. 51).

## II. Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200.

Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

**III. Discussion**

In Plaintiff's objection to the magistrate judge's recommendation, Plaintiff contends that Judge Metcalf got it wrong in his analysis of the issue of diversity of citizenship—specifically his interpretation of Section 1359. To the contrary, Judge Metcalf carefully and meticulously analyzed the parties' arguments, Section 1359, and relevant case law, and properly concluded that this diversity of citizenship is lacking.

The Court has carefully considered Plaintiff's arguments as well as the thorough analysis provided by the magistrate judge in rejecting Plaintiff's assignment of error. The Court finds that the recommendation of the magistrate judge to dismiss this action for lack of subject matter jurisdiction is fully consistent with and supported by current law. The Court will, therefore, adopt and affirm the M&R in full to the extent this action shall be dismissed without prejudice. However, since the action is being dismissed, rather than denying the remaining Rule 12(b)

motions to dismiss by various Defendants, the Court instead will **TERMINATE** these pending motions as **MOOT**.

## IV. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Based on such determination, the Court will fully affirm the M&R to the extent that the M&R recommends dismissal of this action without prejudice. The Court will terminate as moot the remaining motions to dismiss in this case.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Objection (Doc. No. 51) is **OVERRULED**, and the Memorandum and Recommendation (Doc. No. 49) is **AFFIRMED**.

To this extent, Defendants' Motion to Dismiss Action for Lack of Subject Matter Jurisdiction and Under Rule 12(b)(1) (Doc. No. 26) is **GRANTED**, and this matter is **DISMISSED** without prejudice.

Defendants' remaining Rule 12(b) Motions to Dismiss the Complaint (Doc. Nos. 28, 30) shall be **TERMINATED** as **MOOT**.

Signed: September 15, 2026

Max O. Cogburn Jr.
United States District Judge